# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JACK N. WAULK, | CASE NO. 2:08-cv-405 |
| Petitioner, | JUDGE WATSON<br>MAGISTRATE JUDGE KING |
| v. | |
| MICHAEL SHEETS, Warden, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the amended petition, respondent's motion to transfer, petitioner's response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

In the amended habeas corpus petition filed in this action, petitioner challenges his 1999 murder conviction in the Ross County Court of Common Pleas. He previously filed a federal habeas corpus petition that challenged this same conviction. *Waulk v. State of Ohio*, Case No. 2:05-cv-674; *Exhibit 1 to Respondent's Motion to Transfer*. That action was dismissed as untimely. Therefore, this action constitutes a successive petition.

Federal law requires that, before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28

U.S.C. §2244(b)(3)(A). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court lacks jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has approved the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Only a circuit court of appeals has the power to authorize the filing of a successive petition for a writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court lacks jurisdiction to entertain a second or successive §2254 petition unless authorized by the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without **§**2244(b)(3)(A) authorization:

2

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*In re Sims, supra, at 47; see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(per curiam).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the instant petition be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to §2244(b)(3)(A).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 22, 2008                                         *s/Norah McCann King*
                                                                            Norah McCann King
                                                                            United States Magistrate Judge